UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80837-Civ-Ryskamp/Vitunac

MARK HOURANEY,

          Plaintiff,

vs.

F. JAY SCHLEY, NORTH
AMERICAN AIR CHARTER,
INC., NORAM ASSET
MANAGEMENT, INC.,

          Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Order of Reference (DE 3), filed August 13, 2008, from United States District Judge Kenneth L. Ryskamp directing this Court "to take all necessary and proper action required by law, and to submit a Report and Recommendation to this Court." Pending before the Court is Plaintiff's Motion for Default Judgment[1] (DE 18).

On February 5, 2009, Plaintiff filed a Motion for Entry of Default by Clerk (DE 16). On February 9, 2009, the Clerk entered default (DE 17) against F. Jay Schley, North American Air Charter, Inc., and NorAm Asset Management, Inc. for failure to appear, answer, or otherwise plead to Plaintiff's Complaint. On February 20, 2009, this Court entered an Order (DE 19) vacating the Clerk's entry of default as to F. Jay Schley only, for Plaintiff's failure to serve Schley with a copy

---

[1] The Court previously issued an Order (DE 15) denying without prejudice Plaintiff's prior Motion for Default Judgment (DE 14) for failure to first obtain a Clerk's entry of default.

1

of the Complaint.

Plaintiff has contacted chambers claiming that F. Jay Schley was in fact served with a copy of the Complaint. Defense counsel have contacted chambers and denied having been served with summonses. There is nothing in the docket showing that summonses were issued by the Clerk or served upon any Defendants. The Federal Rules of Civil Procedure require that a summons that complies with the requirements of Rule 4(a) be served together with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Unless and until the Defendants are properly served in accordance with the applicable Federal Rules of Civil Procedure, none of the named Defendants is a party to this action. In light of the foregoing, the Court finds good cause to vacate in full the Clerk's entry of default (DE 17).

The court recognizes that more than 120 days have passed since Plaintiff filed his Complaint (DE 1). The Federal Rules of Civil Procedure state that if service of the summons and complaint is not made within 120 days after the filing of the complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Although Rule 4(m) discusses good cause, the rule allows a court to extend a plaintiff's time to make service of process even without a showing of good cause. Horenkamp v. Van Winkle and Co. Inc., 402 F.3d 1129 (11th Cir. 2005). Plaintiff is a pro se litigant who apparently believed he had made proper service. The Court finds the circumstances warrant an extension of time for Plaintiff to properly serve Defendants.

Accordingly, it is hereby ORDERED that

1) Plaintiff's Motion for Default Judgment (DE 18) is DENIED without prejudice;

2) the Clerk's Entry of Default (DE 17) is VACATED as to all Defendants;

3) Plaintiff shall serve Defendants within thirty (30) calendar days of this Order or the action will be subject to dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida this __27__ day of February, 2009.

_____
ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
Mark Houraney, *pro se*